T.C. Memo. 2021-27

UNITED STATES TAX COURT

LUKE JOSEPH CHIARELLI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 452-16, 2115-18.　　　　　　　Filed March 3, 2021.

<u>Luke Joseph Chiarelli</u>, pro se.

<u>George W. Bezold</u> and <u>Laurie B. Downs</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

NEGA, <u>Judge</u>:  Respondent determined deficiencies in the Federal income

tax of petitioner, Luke J. Chiarelli, for tax years 2012, 2013, and 2015 (years at

issue) and determined accuracy-related penalties under section 6662(a) for

**[*2]** negligence, disregard of rules or regulations, and/or a substantial understatement of income tax as follows:[1]

| Year | Deficiency | Penalty sec. 6662(a) |
|------|------------|----------------------|
| 2012 | $23,662 | $4,620 |
| 2013 | 15,771 | 3,154 |
| 2015 | 17,584 | -0- |

On January 6, 2016, petitioner timely filed a petition disputing the notice of deficiency dated October 9, 2015, for tax years 2012 and 2013. On January 30, 2018, petitioner timely filed a separate petition disputing the notice of deficiency dated December 29, 2017, for tax year 2015. These cases were consolidated for trial, briefing, and opinion. After concessions,[2] the issues remaining for decision are whether: (1) petitioner is entitled to noncash charitable contribution deduc-

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the relevant years. All Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar. All percentages are rounded to the nearest whole number.

[2]Respondent conceded the accuracy-related penalty under sec. 6662(a) for 2015 by stipulation. Petitioner conceded a charitable contribution deduction claimed in connection with his purported charitable contribution of a Buick LeSabre for tax year 2013.

[*3] tions claimed for the years at issue and (2) petitioner is liable for the section 6662(a) accuracy-related penalties for tax years 2012 and 2013.

FINDINGS OF FACT

Some of the facts are stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petitions were filed, petitioner resided in Wisconsin.

Petitioner is an attorney admitted to practice in the State of Wisconsin and before this Court. After petitioner's mother received several inheritances from relatives, petitioner's mother died on August 16, 2012. Petitioner inherited from his mother several items of personal property including clothing, furniture, and antiques (inherited property). Shortly thereafter petitioner hired Tarquinio F. Durante of Cedarburg Auction and Estate Sales, LLC, to itemize and prepare appraisals of the inherited property for all the years at issue. Mr. Durante advised petitioner to donate a large portion of the inherited property to charity.

Petitioner prepared and timely filed Form 1040, U.S. Individual Income Tax Return, for each of the years at issue. On Schedules A, Itemized Deductions, petitioner claimed noncash charitable contribution deductions of $89,110, $93,087, and $77,300 for tax years 2012, 2013, and 2015, respectively. Petitioner attached Form 8283, Noncash Charitable Contributions, to his return for each of

[*4] the years at issue. For each of the years at issue Section A of Form 8283 directed petitioner to list each item or group of similar items of donated property with a value of $5,000 or less and provide the name and address of the donee organization, a description of the donated property, and the fair market value of the donated property. Unless an item had a value of $500 or less, Section A also required petitioner to provide the date of the donation, the date he acquired the donated property, the manner of its acquisition, his cost or adjusted basis therein, and the method he used to determine the fair market value. Petitioner left Section A blank for each of the years at issue.

For each of the years at issue Section B, Part I of Form 8283 directed petitioner to provide detailed information about each item (or group of similar items) of donated property valued in excess of $5,000, including a description of the item, a brief summary of its physical condition at the time of the donation, its appraised fair market value, the date it was acquired, the manner of its acquisition, and his cost or adjusted basis therein.

On Section B, Part I for tax year 2012 petitioner described all of the donated property as "miscellaneous household items" in "excellent" condition with an aggregate appraised fair market value of $89,110. Petitioner did not specify the dates that he acquired the donated property and wrote that the manner of acquisi-

[*5] tion was by purchase. Petitioner claimed an aggregate basis in the donated property of $251,800 but provided no information as to how he determined this figure.

On Section B, Part I for 2013, petitioner described the donated property as "clothing and household furniture" in "excellent" condition with an aggregate appraised fair market value of $93,087. Petitioner listed the manner of acquisition as inheritance but also wrote that the donated property was acquired on "various" dates. Petitioner claimed an aggregate basis in the donated property of $255,300 but provided no information as to how he determined this figure.

On Section B, Part I for 2015, petitioner described the donated property as "various household items and clothing" in "excellent" condition with an aggregate appraised fair market value of $77,300. Petitioner did not specify the dates he acquired the donated property and wrote that the manner of acquisition was by purchase. Petitioner claimed a basis in the donated property of $150,000 but provided no information as to how he determined this figure.

For each of the years at issue Section B, Part II of Form 8283 directed petitioner to list each item included on Section B, Part I with a value of $500 or less and to provide his signature and date thereof. Section B, Part III of Form 8283 required the appraiser, Mr. Durante, to provide his signature, title, and date

[*6] of signature verifying his appraisal and his qualifications as an appraiser. Section B, Part IV of Form 8283 required the donee organization to list its name and employer identification number and to cause an authorized individual to provide his or her signature, title, and date of signature acknowledging both its status as a qualified organization and its receipt of the donated property on the date specified. Petitioner submitted Section B, Parts II, III, and IV unsigned and incomplete for each of the years at issue.

In February 2015, in response to the examination of his 2012 tax return, petitioner submitted to respondent additional documentation to substantiate his 2012 noncash charitable contributions. Petitioner's submissions included a letter prepared by Mr. Durante, dated October 8, 2012, which stated that petitioner's 2012 noncash charitable contributions were delivered to "Goodwill Industries/Salvation Army" and that an appraisal prepared by Mr. Durante (2012 appraisal) was attached. The 2012 appraisal indicated that the donated property was inherited and that it was delivered to Goodwill and the Salvation Army on "various" unspecified dates. The 2012 appraisal grouped items into generic categories, such as $54,000 worth of "large bags of clothes", and did not provide identifying information about individual items. Petitioner did not submit a receipt from Goodwill or the Salvation Army to substantiate his 2012 noncash charitable

[*7] contributions. Petitioner's lone receipt for 2012, dated July 26, was from an organization called Dryhootch, but that receipt did not identify individual items of donated property.[3] The letter dated October 8, 2012, did not mention Dryhootch as an organization to which petitioner made noncash charitable contributions in 2012.

In February 2015, in response to the examination of his 2013 tax return, petitioner submitted to respondent another letter prepared by Mr. Durante dated December 6, 2013, which stated that petitioner's noncash charitable contributions for 2013 were delivered to "Goodwill Industries/Salvation Army" and that an appraisal prepared by Mr. Durante (2013 appraisal) was attached. Petitioner did not submit a receipt from the Salvation Army to substantiate his 2013 contributions. Petitioner's lone receipt for 2013, dated November 23,was from Goodwill. That receipt did not identify individual items of donated property. However, there was a notation on the receipt indicating that donated items were listed on the attached 2013 appraisal. The 2013 appraisal grouped donated items into generic categories and did not provide identifying information about individual items.

_____

[3]The receipt from Dryhootch stated that the organization does "not provide any goods or services in consideration for any property contributed." The receipt did not contain information clearly identifying Dryhootch as a qualified sec. 501(c)(3) organization.

**[*8]** By letter dated April 3, 2015, petitioner supplied respondent's examining agent with additional documentation to substantiate his 2012 and 2013 noncash charitable contributions. Petitioner attached to that letter modified versions of the letters dated October 8, 2012, and December 6, 2013, which now included petitioner's and Mr. Durante's identifying taxpayer numbers. Petitioner also attached modified versions of the 2012 and 2013 appraisals, both of which now identified some individual items of clothing but still failed to include specific information about the value or condition of individual items.

In January 2017, approximately one year after the petition for 2012 and 2013 was filed, petitioner submitted additional documentation to respondent's Office of Appeals to substantiate his noncash charitable contributions for 2012 and 2013. These documents included updated Forms 8283 for 2012 and 2013 dated February 10, 2015. On these forms petitioner now included his signature dated February 10, 2015, on Section B, Part II. Mr. Durante also provided his signature dated February 10, 2015, on Section B, Part III. Section A and Section B, Part IV remained incomplete and unsigned.

Petitioner subsequently submitted to respondent's Office of Appeals a letter from Mr. Durante dated June 17, 2017, describing Mr. Durante's more than 30 years' experience in the appraisal industry and the valuation methodology used for

[*9] petitioner's donated property.  With respect to his valuation methodology, Mr. Durante broadly stated that he researched the original cost of the inherited property, determined its condition, and then set a fair market value for each item.

After petitioner filed his petition for 2015, the Internal Revenue Service Office of Appeals requested by letter dated April 25, 2018, that petitioner submit additional documentation to substantiate his 2015 noncash charitable contributions.  In response, by letter dated May 14, 2018, petitioner submitted several documents including a letter prepared by Mr. Durante dated December 3, 2015, which stated that all donations in 2015 were made to Goodwill.  Petitioner also submitted a receipt from Goodwill, dated December 3, 2015, and an appraisal (2015 appraisal).  The 2015 appraisal grouped purported donation items into generic categories and did not provide identifying information about the individual items donated, such as the age or condition.  Petitioner also submitted a modified Form 8283 for 2015, with his signature dated December 3, 2015, on Section B, Part II.  On that same form Mr. Durante also provided his signature dated December 3, 2015, on Section B, Part III.  On that same form Mr. Durante also provided his signature dated December 3, 2015, on Section B, Part III.  On that same form, Section A and Section B, Part IV remained incomplete and unsigned.

**[\*10]**                                   OPINION

I.     Burden of Proof

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving those determinations erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace; the taxpayer must demonstrate his or her entitlement to deductions allowed by the Code and substantiate the amounts underlying claimed deductions. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs. In certain circumstances the burden of proof on factual issues may shift to the Commissioner. See sec. 7491(a). Petitioner does not contend that he has satisfied the requirements of section 7491 for shifting the burden of proof. See Rule 142(a). Accordingly, the burden of proof remains on him on all factual issues.

II.    Analysis

Section 170 allows as a deduction any contribution made within the taxable year to a charitable organization. Sec. 170(a)(1), (c). The taxpayer must satisfy certain statutory and regulatory substantiation requirements in order to deduct charitable contributions. See id.; sec. 1.170A-13, Income Tax Regs. The nature of

[*11] the required substantiation depends on the dollar amount of the contribution and on whether the contribution consists of cash or property.

Petitioner contends that he made noncash charitable contributions with aggregate values of $89,110, $93,087, and $77,300 during 2012, 2013, and 2015, respectively. Petitioner contends that he strictly complied or at least substantially complied with the applicable substantiation requirements. Respondent contends that petitioner did not properly substantiate his noncash charitable contributions.

A. Contributions Generally

Under section 1.170A-13(b)(1), Income Tax Regs., a taxpayer must maintain for each noncash charitable contribution with a fair market value of $5,000 or less a receipt from the donee organization unless doing so is impractical. The donee receipt must show: (1) the name of the donee organization, (2) the date and location of the contribution, and (3) a description of the property in detail reasonably sufficient under the circumstances. Id. A taxpayer who lacks a donee receipt is required to keep reliable written records including, among other things: (1) the name and address of the done organization to which the contribution was made, (2) the date and location of the contribution, (3) a description of the property in detail reasonable under the circumstances (including the value of the property), and (4) the fair market value of the property at the time the contribution was made,

[*12] the method used to determine the fair market value, and if the fair market value was determined by appraisal, a copy of the signed report of the appraiser. Van Dusen v. Commissioner, 136 T.C. 515, 532 (2011); sec. 1.170A-13(b)(2)(ii), Income Tax Regs. Further, no deduction is allowed for "any contribution of clothing or a household item" unless such property is "in good used condition or better." Sec. 170(f)(16)(A).

The receipts petitioner submitted to substantiate his noncash charitable contributions for the years at issue offered no detail with respect to items donated and thus lacked a description of the property in detail reasonable under the circumstances. See sec. 1.170A-13(b)(2)(ii), Income Tax Regs. Petitioner alleged that he made donations to the Salvation Army during 2012 and 2013, but he failed to provide respondent with any receipts from the Salvation Army. Petitioner's documentary submissions implied that multiple deliveries to Goodwill occurred during each of the years at issue, but he did not submit a receipt from Goodwill for tax year 2012 and submitted only one receipt from Goodwill for each of tax years 2013 and 2015. Because petitioner did not obtain proper receipts, he was required to keep reliable written records meeting the regulatory requirements. See id.

Petitioner's written records consisted of purported qualified appraisals that did not describe the property in sufficient detail for a person unfamiliar with the

[*13] property contributed. Further, petitioner's written records provided no credible evidence as to the appropriate valuation of individual items donated.

Accordingly, we find petitioner did not maintain reliable written records in connection with his noncash charitable contributions. See id.

B.     Contributions Exceeding $250

On the record before us, petitioner's purported noncash charitable contributions for tax years 2012, 2013, and 2015 included items valued at $250 or more. Such contributions must be substantiated by a "contemporaneous written acknowledgment" (CWA) from the donee. Sec. 170(f)(8)(A). Thus, petitioner was required to substantiate any such claimed contributions with CWAs that included: (1) a description (but not value) of the property contributed; (2) a statement on whether the donee provided any goods or services in consideration, in whole or in part, for the property donated; and (3) if the donee provided goods or services, a description and good faith estimate of their value. See sec. 170(f)(8)(B). In the absence of a CWA meeting the statute's requirements, "[n]o deduction shall be allowed". Sec. 170(f)(8)(A); cf. sec. 170(f)(8)(D).

Although petitioner contends that he donated to Goodwill and the Salvation Army during the years at issue, he did not obtain a CWA from Goodwill for 2012 or from the Salvation Army for any of the years at issue. The receipts that peti-

[*14] tioner submitted during and after the examination periods for the years at issue did not describe in detail the items of property donated. See sec. 170(f)(8)(B). Accordingly, petitioner did not strictly comply with the substantiation requirements for donations of property valued in excess of $250. See id.

C.    Contributions Exceeding $500

Similar items of property are considered as a group for purposes of determining whether a contribution exceeds the $500 threshold. Sec. 170(f)(11)(F). The term "similar items of property" is defined to mean "property of the same generic category or type," such as clothing, electronics, or household appliances. Sec. 1.170A-13(c)(7)(iii), Income Tax Regs. On the record before us, petitioner's purported noncash contributions for tax years 2012, 2013, and 2015 included items or groups of items that exceeded the $500 threshold. For these contributions petitioner was required to: (1) meet the information requirements for noncash contributions of $250 or more; (2) maintain written records with a more detailed description of the property, including the manner and approximate date of acquisition and the cost or other basis in the property; and (3) state such information in his income tax return if required by the return form or its instructions. See sec. 170(f)(11)(B); sec. 1.170A-13(b)(3)(i)(A) and (B), Income Tax Regs.

**[*15]** As addressed above, petitioner did not meet the information requirements for noncash contributions of $250 or more. See sec. 170(f)(8)(B). Further, petitioner failed to maintain written records with more detailed descriptions of the property or to state such information in his tax returns as required by the returns or their instructions. For each item or group of items that exceeded the $500 threshold, the Forms 8283 instructed petitioner, inter alia, to state the manner and approximate date of acquisition (month and year) and the cost basis or other basis. For each of the years at issue, rather than listing each item or group of items separately as instructed, petitioner provided a single aggregated line of information for all items donated. Rather than providing a month and year as instructed, petitioner wrote "various" in the box provided for the date of acquisition. As to the manner of acquisition, on petitioner's Forms 8283 for 2012 and 2015, he wrote that the donated property was acquired by purchase, but he testified that he inherited all of the donated property. Additionally, for each year at issue petitioner offered an aggregate basis in the donated property as a whole, without providing credible evidence as to his bases in individual items. Thus, because petitioner did not meet the substantiation requirements for less valued items or provide credible evidence as to the date or manner of acquisition and his bases in

[*16] donated items, we hold that petitioner did not strictly comply with the requirements for noncash charitable contributions in excess of $500.

### D. Contributions Exceeding $5,000

Similar items of property are considered as a group for purposes of determining whether a contribution exceeds the $5,000 threshold. Sec. 170(f)(11)(F); sec. 1.170A-13(c)(7)(iii), Income Tax Regs. On the record before us, petitioner's purported noncash charitable contributions for tax years 2012, 2013, and 2015 included items or groups of items that exceeded the $5,000 threshold. For contributions of property in excess of $5,000, in addition to complying with the substantiation requirements for property in excess of $250 and $500, petitioner was required to obtain a "qualified appraisal" of each donated item and attach to each tax return a fully completed appraisal summary on Form 8283. See sec. 170(f)(11)(C); sec. 1.170A-13(c)(2), Income Tax Regs.

The purported qualified appraisals prepared by Mr. Durante do not include the information required under the regulations. See sec. 1.170A-13(c)(3)(ii), Income Tax Regs. These appraisals failed to provide the following required information: the physical condition and age of individual items, the qualifications of the appraiser, a statement that each appraisal was prepared for income tax purposes, and the appraised fair market values of individual items donated. See id.

[*17] Further, petitioner did not submit a fully completed appraisal summary on Form 8283 for any of the years at issue. Thus, because petitioner did not attach completed appraisal summaries to his returns or obtain qualified appraisals as required for the years at issue, he did not strictly comply with the requirements for noncash charitable contributions in excess of $5,000. See id.

E.    Substantial Compliance

In appropriate circumstances, some of the reporting requirements set forth in section 1.170A-13, Income Tax Regs., can be satisfied by substantial, rather than literal, compliance. See Hewitt v. Commissioner, 109 T.C. 258, 265 (1997) (describing substantial compliance as satisfied where the taxpayer has "provided most of the information required"), aff'd without published opinion, 166 F.3d 332 (4th Cir. 1998). Most often we have found substantial compliance in cases that involved procedural regulatory requirements where, despite a lack of strict compliance, the taxpayer substantially complied by fulfilling the essential statutory purpose. See, e.g., Bond v. Commissioner, 100 T.C. 32, 41-42 (1993).

As a general matter, taxpayers have had great difficulty in meeting the substantial compliance standard for charitable contribution deductions. See, e.g., Belair Woods, LLC v. Commissioner, T.C. Memo. 2018-159, at *15; Alli v. Commissioner, T.C. Memo. 2014-15, at *54 (stating that substantial compliance

**[*18]** "should not be liberally applied").  Taxpayers cannot satisfy the CWA requirement of section 170(f)(8) by substantial compliance.  Izen v. Commissioner, 148 T.C. 71, 76-77, 82 (2017).  In Mohamed v. Commissioner, T.C. Memo. 2012-152, 2012 WL 1937555, at *7, we compiled a list of errors that we have excused through substantial compliance including, as relevant herein, failing to complete Section B of Form 8283 and the inclusion of insufficient or inappropriate information with the qualified appraisal.

Petitioner contends that he substantially complied with the substantiation requirements for noncash charitable contributions.  Petitioner also contends that he cured any defects in his reporting by supplying respondent the required information within 90 days of respondent's request therefor.  We do not find that petitioner clears the high bar for substantial compliance.

The Forms 8283 that petitioner submitted with his returns were almost entirely incomplete and lacked signatures from the donor, the donee, and the appraiser.  Petitioner did not otherwise provide reliable written records credibly identifying the individual items donated, their values or condition, the manner of acquisition, the donation dates, or his bases in the property.  The updated Forms 8283 that petitioner submitted to the Office of Appeals were untimely and left Section A entirely incomplete and Section B partially incomplete and without a

[*19] signature from the donee. Thus, petitioner failed to provide "most of the information required" for us to evaluate whether he made the alleged charitable contributions. See Hewitt v. Commissioner, 109 T.C. at 265. Petitioner's lack of documentation also differs from the errors we listed in Mohamed v. Commissioner, 2012 WL 1937555, at *7, that we have previously excused.

Petitioner contends that he cured his defective submissions by responding to respondent's request for additional documentation within 90 days in accordance with section 1.170A-13(c)(4)(iv)(H), Income Tax Regs. However, petitioner's position is grounded on a misreading of that regulation, which states that a deduction will not be disallowed for failure to attach an appraisal summary to a return if the donor complies with instructions to submit that document within 90 days of a request therefor. Id. By its terms that regulation does not apply here since petitioner did attach appraisal summaries to each of his returns. See id.; see also Oakhill Woods, LLC v. Commissioner, T.C. Memo. 2020-24, at *14-*15; Belair Woods, LLC v. Commissioner, at *13-*14. Further, that regulation applies only to appraisal summaries and does not afford petitioner a window to cure defects in his qualified appraisals. See Belair Woods, LLC v. Commissioner, at *13-*14; see also Chrem v. Commissioner, T.C. Memo. 2018-164, at *24 n.9; Mohamed v. Commissioner, 2012 WL 1937555, at *4.

**[\*20]** For all these reasons, we hold that petitioner did not comply, either strictly or substantially, with the regulatory reporting requirements for noncash charitable contributions.

III.   Section 6662(a) Accuracy-Related Penalty

Section 6662(a) and (b)(1) and (2) imposes a 20% accuracy-related penalty on any underpayment of Federal income tax which is attributable to negligence, disregard of rules or regulations, or a substantial understatement of income tax. Section 6662(c) defines negligence as including any failure to make a reasonable attempt to comply with the provisions of the Code and defines disregard as any careless, reckless, or intentional disregard. See sec. 1.6662-3(b)(1) and (2), Income Tax Regs. An understatement of income tax is substantial if it exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A).

Respondent bears the burden of production with respect to petitioner's liability for section 6662 penalties and must produce sufficient evidence indicating that it is appropriate to impose them. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001). As part of that burden, respondent must show that the written supervisory approval requirement of section 6751(b)(1) was timely complied with. See Graev v. Commissioner, 149 T.C. 485, 493 (2017), supple-

**[*21]** <u>menting and overruling in part</u> 147 T.C. 460 (2016); <u>see also</u> <u>Clay v. Commissioner</u>, 152 T.C. 223 (2019). The record contains a timely penalty approval form, signed before formal communication of the penalties to petitioner. <u>See</u> <u>Belair Woods, LLC v. Commissioner</u>, 154 T.C. 1, 14-15 (2020); <u>see also</u> <u>Clay v. Commissioner</u>, 152 T.C. at 249. Accordingly, on the record before us, we find that respondent has met this aspect of his burden of production; and if the Rule 155 computations confirm substantial understatements of income tax for 2012 and 2013, then respondent has met his burden of producing evidence that the penalty is justified. <u>See</u> sec. 7491(c). Further, we observe that while petitioner properly attached Forms 8283 to his tax returns, he failed to make any reasonable attempt to provide the information requested on the forms or otherwise maintain reliable written records for the donated items. Respondent has shown that petitioner wholly failed to comply with the substantiation requirements under section 170 and its regulations. Accordingly, we find that respondent has also met his burden of producing evidence that the underpayments were attributable to petitioner's negligence or disregard of rules or regulations. Since respondent has met his burden, the burden of proof is on petitioner to establish that the imposition of the penalties is not appropriate. <u>See</u> <u>Higbee v. Commissioner</u>, 116 T.C. at 447.

**[\*22]** Section 6664(c)(1) provides an exception to the section 6662(a) penalty if it is shown that there was reasonable cause for any portion of the underpayment and the taxpayer acted in good faith. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances, including the knowledge and experience of the taxpayer. Sec. 1.6664-4(b)(1), Income Tax Regs.

Petitioner contends that there was reasonable cause for, and he acted in good faith with respect to, the underpayments for 2012 and 2013. On the record before us, we find that petitioner failed to carry his burden of establishing reasonable cause. In support of his position petitioner alleges that he hired and relied on Mr. Durante to complete appraisals in good faith. As the return preparer and an attorney licensed to practice before this Court, petitioner cannot reasonably claim that his reliance on Mr. Durante's preparation of appraisals constitutes reasonable cause for the omissions on his return when a mere cursory overview of his returns would have revealed that he lacked complete appraisal summaries for the years at issue. See Metra Chem Corp. v. Commissioner, 88 T.C. 654, 662 (1987); see also Langston v. Commissioner, T.C. Memo. 2019-19, at \*16-\*18, aff'd, 827 F. App'x 900 (10th Cir. 2020). Accordingly, we sustain respondent's determination that petitioner is liable for the accuracy-related penalties for 2012 and 2013.

**[*23]** We have considered all of the arguments made by the parties and, to the extent they are not addressed herein, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decisions will be entered</u>

<u>for respondent</u>.